UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

==================================================

JOSHUA R. THORNE,

                              Plaintiff,

         v.

MICHAEL J. ASTRUE, Commissioner
  of the Social Security Administration,

                            Defendant.

                                       **DECISION AND ORDER**
                                          10-CV-592A

==================================================

## I.    INTRODUCTION

Pending before the Court is a motion by plaintiff Joshua R. Thorne for an

award of attorney fees under the Equal Access to Justice Act (the "EAJA"), 28

U.S.C. § 2412.  Plaintiff seeks attorney fees under the EAJA because this Court

granted his motion for judgment on the pleadings and remanded his application

for Social Security disability insurance benefits to defendant, the Commissioner of

Social Security ("Commissioner"), for further proceedings.  (*See* Dkt. No. 21,

adopting Report and Recommendation of Hon. Hugh B. Scott.)  Plaintiff believes

that the Commissioner's opposition to his application was not substantially

justified, meaning that the EAJA requires the Commissioner to pay his attorney

fees.  The Commissioner counters that the Court rejected many of plaintiff's

arguments along with his request for outright reversal as opposed to remand.

The Commissioner argues further that plenty of evidence supported the opposition to plaintiff's claims, despite the remand for further factual development.

The Court has deemed the motion submitted on papers under Rule 78(b) of the Federal Rules of Civil Procedure.  For the reasons below, the Court grants the motion and awards plaintiff attorney fees in the amount of $5,950.00

## II.    BACKGROUND

The underlying substance of this case concerned plaintiff's efforts to obtain disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.  Plaintiff first applied for disability insurance benefits on May 23, 2006.  Plaintiff sought disability insurance benefits because he claimed threshold-level impairments caused by depression, personality disorders, arthritis in his right hand, and an injury to his right eye.  The Commissioner denied plaintiff's application and upheld that denial through all administrative appeals.  In response, plaintiff filed his complaint here on July 21, 2010.  The parties subsequently cross-moved for judgment on the pleadings.  On September 23, 2011, Magistrate Judge Scott recommended remanding this case to the Commissioner because the vocational expert who testified at plaintiff's administrative hearing did not consider plaintiff's history of poor job attendance and social interaction when opining that a hypothetical person in plaintiff's situation could do most of plaintiff's past relevant work.  The parties filed no

objections to the Report and Recommendation.  After its own review, the Court

adopted the Report and Recommendation on November 1, 2011.

Having won at least a chance to make a new presentation to the

Commissioner, plaintiff now seeks an award of attorney fees under the EAJA.  In

support of his motion, plaintiff takes the incomplete hypothetical questions posed

to the vocational expert at the administrative hearing and casts them as a

violation of Social Security Ruling 82-62.  *See* Soc. Sec. Ruling 82-62 ("The

decision as to whether the claimant retains the functional capacity to perform past

work which has current relevance has far-reaching implications and must be

developed and explained fully in the disability decision.  Since this is an important

and, in some instances, a controlling issue, every effort must be made to secure

evidence that resolves the issue as clearly and explicitly as circumstances

permit."), *available at* http://www.ssa.gov/OP_Home/rulings/di/02/

SSR82-62-di-02.html (last visited Jan. 4, 2012); *see also* 20 C.F.R. § 404.1520(e)

("If your impairment(s) does not meet or equal a listed impairment, we will assess

and make a finding about your residual functional capacity based on all the

relevant medical and other evidence in your case record, as explained in

§ 404.1545.").  Plaintiff argues that the Commissioner's failure to follow

established regulations directly created the need to remand and that such a

failure cannot be substantially justified.  The Commissioner counters that

plaintiff's counsel was present at the administrative hearing and had an

opportunity to ask the vocational expert any hypothetical questions that he deemed necessary.  Additionally, the Commissioner argues that the record contains sufficient evidence that plaintiff could perform his past relevant work as a file clerk and landscape laborer, since those jobs did not require more than occasional interaction with co-workers and the general public.  Under these circumstances, according to the Commissioner, the hypothetical questions that the Court found missing from the administrative hearing would not change the outcome of plaintiff's application for benefits, thus making the Commissioner's litigation position substantially justified.

In anticipation of an order from the Court awarding attorney fees, plaintiff's counsel has submitted itemized billing supporting an award of attorney fees in the amount of $5,950.00.  The Commissioner has not submitted any arguments addressing the proposed amount of any award of attorney fees.  Instead, the Commissioner objects to the request from plaintiff's counsel to have any attorney fees made payable to him instead of plaintiff.  The Commissioner asserts that the United States Supreme Court has settled definitively whether an award of attorney fees under the EAJA can be made payable to an attorney as opposed to a litigant.  *See Astrue v. Ratliff*, ___ U.S. ___, 130 S. Ct. 2521 (2010).

4

III.   **DISCUSSION**

A.   *Substantial Justification*

The first issue that the Court will resolve is whether any award of attorney

fees is appropriate here.  "[A] court shall award to a prevailing party other than

the United States fees and other expenses . . . incurred by that party in any civil

action (other than cases sounding in tort), including proceedings for judicial

review of agency action, brought by or against the United States in any court

having jurisdiction of that action, unless the court finds that the position of the

United States was substantially justified or that special circumstances make an

award unjust."  28 U.S.C. § 2412(d)(1)(A).  "Whether or not the position of the

United States was substantially justified shall be determined on the basis of the

record (including the record with respect to the action or failure to act by the

agency upon which the civil action is based) which is made in the civil action for

which fees and other expenses are sought."  *Id.* § 2412(d)(1)(B).  "[T]he term

'substantially justified' means justified in substance or in the main—that is,

justified to a degree that could satisfy a reasonable person . . . . To be

'substantially justified' means, of course, more than merely undeserving of

sanctions for frivolousness."  *Comm'r, INS v. Jean*, 496 U.S. 154, 158 n.6 (1990)

(internal quotation marks and citation omitted); *see also Sotelo-Aquije v. Slattery*,

62 F.3d 54, 57 (2d Cir. 1995) ("To prove that its position was substantially

justified, the government bears the burden of showing that its position had a

5

reasonable basis in both law and fact.") (internal quotation marks and citations omitted).

Here, the Commissioner has failed to meet his burden of showing that defending an incomplete administrative hearing was reasonable. As the Court found previously, the Commissioner's denial of benefits rested on an opinion from the vocational expert that did not address plaintiff's work attendance problems and pace of performance. *Cf. Young v. Barnhart*, 134 Fed. App'x 81, 83, 2005 WL 1140287, at *2 (7th Cir. 2005) (unpublished) ("The ALJ also failed to include in his hypothetical questions to the vocational expert any information on [plaintiff's] difficulties with social interaction, even though those difficulties were supported by medical evidence in the record. The hypothetical questions here, however, omitted significant documented limitations. The hypothetical questions presented by the ALJ, like the flawed RFC on which they were based, made short shrift of [plaintiff's] social and temperamental impairments."). Contrary to the Commissioner's arguments, other evidence that may exist in the record cannot compensate for a failure to follow proper procedure and cannot justify litigation to defend that failure. On remand, the Commissioner may well reach the same conclusions after presenting a vocational expert with a hypothetical scenario that addresses plaintiff's limitations more comprehensively. Even if that happens, though, a reasonable person would not feel satisfied that the Commissioner fulfilled his obligation to decide plaintiff's initial application based on all available

6

information.  *Cf. Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995) ("We have

previously made it clear that, in meeting her burden of showing the claimant's

ability to work, the Secretary may only rely upon the vocational expert's testimony

if the questions posed by the ALJ include all of the claimant's functional

limitations, both physical and mental.") (citations omitted); *accord Dioguardi v.*

*Comm'r*, 445 F. Supp. 2d 288, 299 (W.D.N.Y. 2006) (Larimer, *J.*) (citing *Flores*).

Under these circumstances, the Commissioner's position in this litigation was not

substantially justified for purposes of the EAJA.  The EAJA's general directive to

award attorney fees thus applies here, and the Court will proceed to a

quantitative discussion of that award.

> **B.    *Amount of Attorney Fees***

Upon remand and development of a more complete analysis, the

Commissioner may yet take a position on the ultimate merits of plaintiff's claim

that could be substantially justified without being tainted by the incomplete

hypothetical assessment that warranted remand.  For this reason, the normal rule

awarding costs and attorney fees for all aspects of litigation in a case does not

apply here yet.  *See Trichilo v. Sec'y of Health & Human Servs.*, 832 F.2d 743,

745 (2d Cir. 1987) ("[A]s long as the government's underlying substantive position

was not 'substantially justified,' the plaintiff is entitled to recover *all* reasonable

attorney's fees incurred.") (citation omitted).  Nonetheless, where as here the

Court can separate unjustified segments of litigation from potential future

segments whose justification is unknown, it may assess costs and attorney fees for the unjustified segments. *Cf. Bowen*, 867 F.2d at 735 ("If [the district court] found that the Government's position in any segment of the litigation was not substantially justified, it should have awarded fees for the time spent by [plaintiff's] counsel in successfully opposing the Government's position in that segment.").

For the litigation that occurred before this Court to date, plaintiff's computation of costs and attorney fees is both reasonable and undisputed by the Commissioner. "The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The current statutory cap of $125 per hour took effect in 1996, *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (citation omitted), and the Court may revise it upward to reflect inflation as determined by the Consumer Price Index. *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992) (citations omitted). Plaintiff here has provided appropriate documentation of the number of hours needed to litigate before this Court through the present time. In arguing to remand the case for further proceedings, plaintiff needed to review the record to determine all of its

evidentiary deficiencies, to research the legal standards for remanding his case, and to draft the papers related to his and the Commissioner's motions.  The total number of hours that plaintiff has itemized relates reasonably to those tasks. Additionally, the hourly rate of $170.00 that plaintiff has requested reflects timely information from the Consumer Price Index.  (*See also Isaacs v. Astrue*, Case No. 07-CV-257, Dkt. Nos. 27, 32 (approving an adjusted, weighted hourly rate of approximately $170)).  Under these circumstances, plaintiff has justified his request for a total amount of $5,950.00.

The Court will not approve, however, the request from plaintiff's counsel to make the award of attorney fees payable to him directly.  As quoted above, the EAJA allows awards of attorney fees to "a prevailing party."  "The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney.  For the reasons we have explained, the statute's plain text does the opposite—it 'awards' the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Ratliff*, 130 S. Ct. at 2526–27 (2010); *accord Scott v. Astrue*, No. 08-CV-910, 2011 WL 32544, at *3 (W.D.N.Y. Jan. 5, 2011) (Arcara, *J.*) ("Although some district courts have attempted to address plaintiff's counsel's equitable arguments by finding ways to skirt around *Ratliff*'s edges, *see generally, e.g., McDonald v. Astrue*, No. 2:09cv027, 2010 WL 4818092 (W.D.N.C. Nov.22,

9

2010), this Court finds that *Ratliff* states explicitly that the name on the check must be plaintiff's and not her attorney's."). The award of attorney fees here thus must be in plaintiff's name. Since the Commissioner does not object, however, to *delivering* payment in plaintiff's name to plaintiff's counsel, the Court directs him to do so within 120 days. *See Scott*, 2011 WL 32544 at *3 ("So long as plaintiff herself appears as the payee on the check, however, there is no reason why defendant cannot mail that check to plaintiff's counsel pursuant to the assignment. In fact, defendant essentially has agreed to do that here.") (citation omitted).

## IV.   CONCLUSION

For all of the foregoing reasons, the Court grants plaintiff's motion for attorney fees (Dkt. No. 23) and awards plaintiff a total of $5,950.00 in attorney fees. The Commissioner shall make the award payable to plaintiff himself and shall deliver it to plaintiff's counsel within 120 days of entry of this Decision and Order.

SO ORDERED.

*s/ Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 5  , 2012